CLIFFORD v. MORRILL.

In re SOMERSET WOOLEN CO.

(District Court, D. Massachusetts. January 21, 1916.)

No. 635.

BANKRUPTCY ☞303(1) — PREFERENCES — BURDEN OF PROOF — "REASONABLE CAUSE TO BELIEVE."

In view of the definition of insolvency contained in the present Bankruptcy Act, a trustee, suing to recover payments alleged to have been voidable preferences, must show that the defendant had reasonable cause to believe that the bankrupt's property at a fair valuation was less than its indebtedness at the time of the payments, and this would seem to require either actual knowledge of the property and debts on the part of the person receiving the alleged preference, or knowledge by him of circumstances warranting the inference that the debts probably exceeded the property.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 458, 459; Dec. Dig. ☞303(1).]

In Equity. Suit by Philip G. Clifford, trustee in bankruptcy of the Somerset Woolen Company, against Samuel Morrill, to recover certain payments by the bankrupt to the defendant, alleged to have been voidable preferences. Bill dismissed.

Robert Hale, of Portland, Me., for plaintiff.

Archibald M. Hillman, of Worcester, Mass., for defendant.

MORTON, District Judge. That Morrill had reasonable cause to believe that the Somerset Woolen Company was insolvent, in the common-law meaning of the term, is clear. The change in the definition of "insolvency" made by the present Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 544) greatly increases the burden on the trustee in cases of this character. It now devolves upon him to show that the defendant had reasonable cause to believe that the bankrupt's property, at a fair valuation, was less than its indebtedness at the time when the payments in question were made. This seems to require either actual knowledge of the property and debts on the part of the person receiving the alleged preference, or knowledge by him of circumstances warranting the inference that the debts probably exceeded the property. No knowledge of the first sort is brought home to Morrill. He did not know of the Feiner mortgage; but he does not seem to have been intentionally shutting his eyes to the facts or evading knowledge of them.

"It is clear that the creditor cannot be said to have had reasonable cause to believe such a preference was intended, unless the evidence shows that it knew, or ought to have known, the substantial truth as to the bankrupt's financial condition." Dodge, J., In re Houghton Web Co. (D. C.) 185 Fed. 213, 214, 26 Am. Bankr. Rep. 202, 204.

Such inferences of insolvency, if any, as might be drawn by Morrill or his attorney from the mortgages, the slowness in paying him, and the failure promptly to get rid of his attachment—and there is

little else on which to find "reasonable cause to believe"—are to be considered in connection with Morrill's ignorance of the total indebtedness of the Somerset Woolen Company, the hopeful assertions of its managers, the misleading statements of condition made by them, the appraisal which had been exhibited to him, the facts that the company was running its plant as usual and did not appear to be in difficulties with any other creditors, and various other circumstances tending to repel such inference. On all the evidence it is not shown that Morrill, at the time when he received any of the payments in question, had reasonable cause to believe that the Somerset Woolen Company was insolvent, or that the effect of the payments would be a preference to him over other creditors.

I give such of the requests for findings and rulings as are contained in, or are consistent with, the foregoing opinion; the others I refuse. The bill must be dismissed; but, as the trustee acted in a representative capacity, and was justified by the defendant's conduct in submitting the question to the court, the dismissal will be without costs.